**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DUKE ASIAMAH** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 1:26-cv-02519 (JMC)** |
| | : | |
| **WASHINGTON METRPOLITAN** | : | |
| **AREA TRANSIT AUTHORITY** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WMATA'S**
**MOTION TO DISMISS UNDER 12(B)(1)**

In support of its Motion to Dismiss, Defendant Washington Metropolitan Area Transit

Authority (WMATA) respectfully states the following:

**ARGUMENT**

**I.      LEGAL STANDARD FOR MOTION TO DISMISS**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) raises the issue of the court's

authority to hear a case on the basis of subject matter jurisdiction.  The court presumes that it

lacks subject matter jurisdiction, "unless the contrary appears affirmatively from the record."

*Renne v. Geary*, 501 U.S. 312, 316 (1991).  The Plaintiff bears the burden of establishing the

court's subject matter jurisdiction."  *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992).

**II.     PLAINTIFF'S CLAIMS AGAINST WMATA MUST BE DISMISSED**
**BASED UPON WMATA'S SOVEREIGN IMMUNITY FOR ITS**
**GOVERNMENTAL FUNCTION OF OPERATING ITS POLICE FORCE**

WMATA is the creation of an interstate compact entered into by the District of

Columbia, the State of Maryland, and the Commonwealth of Virginia and approved by Congress.

The signatories to the Compact, together with Congress, have conferred their respective

sovereign immunities on WMATA. *See Morris v.  WMATA*, 781 F.2d 218, 219 (D.C. Cir. 1986);

*Sanders v. WMATA,* 819 F.2d 1151,1154 (D.C. Cir. 1987); *Smith v. WMATA,* 290 F.3d 201,206

(4th Cir. 2002).

WMATA's statement of its sovereign immunity is found in Section 80 of the Compact. It

provides that:

> [t]he Authority shall be liable for its contracts and for its torts and those of its
> Directors, officers, employees and agents committed in the conduct of any proprietary
> function, in accordance with the law of the applicable signatory (including rules on
> conflict of laws) but shall not be liable for any torts occurring in the performance of a
> governmental function.

D.C. Code § 9-1107.01(80).

This provision indicates WMATA's intent to waive its immunity from suit only for

contracts and torts committed in the conduct of a proprietary function.  WMATA is otherwise

immune from all other claims, and as Section 80 unambiguously states, shall not be liable for suit

for any torts occurring in the performance of its governmental functions.

"To distinguish governmental from proprietary functions, we ask whether the activity

amounts to a "quintessential" governmental function, like law enforcement." *Beebe v.*

*Washington Metropolitan Area Transit Authority*, 129 F.3d 1283, 1287 (C.A.D.C.,1997)

(*quoting Burkhart v. WMATA,* 112 F.3d 1207, 1216 (D.C.Cir.1997).  The D.C. Circuit has

consistently recognized and held that when the WMATA transit police are involved in law

enforcement activity, WMATA's function is governmental in nature.  *Davis v. Sarles*, 134

F.Supp.3d 223, 227 (D.D.C., 2015) (internal citations omitted).  *See also Morris v. WMATA,*

*supra.*

 WMATA has not waived its immunity for governmental functions. *Martin v. WMATA,*

667 F.2d 435 (4th Cir. 1981); *Dant v. District of Columbia*, 829 F.2d 69, 74 (D.C. Cir. 1987);

*Sanders v. WMATA*, 819 F.2d at 1155; *Morris v. WMATA,* 781 F.2d at 221.  "The principle is well-established that the operation of a police force is a governmental rather than a proprietary function." *Id*. at 220. "If the operation of a police force is not a governmental function, then a governmental function may not exist." *Martin v. WMATA,* 667 F.2d at 436. *"[M]orris* held that WMATA's police activities are an exercise of a governmental function, and hence lie outside the scope of section 80's waiver of sovereign immunity." *Dant v. WMATA*, 829 F.2d at 74.  *See also Simpson v. WMATA*, 688 F. Supp. 765, 767 (D.D.C. 1988), *aff'd* No. 88-7190 (*per curiam*).

Plaintiff asserts that WMATA violated his rights by falsely arresting him when three of its officers called for an ambulance for him at Gallery Place Metrorail station in Washington, D.C. Complaint, ECF # 1-3.  Plaintiff was taken to George Washington Hospital Center where Plaintiff was checked out. *Id*.  Plaintiff also claims WMATA's officers stole two bars of chocolate from him.

Plaintiff's allegations *supra*, pertain to and arise from WMATA's law enforcement activity.  All such allegations must be dismissed as a matter of law, as they are barred by WMATA's immunity for its governmental police functions.  *See also Hall v. WMATA*, 468 A.2d 970, 973 (D.C. 1983); *Keenan v. WMATA*, 643 F. Supp. 324 (D.D.C. 1986*); Stebbins v. WMATA*, 495 A.2d 741-742 (D.C. 1985).

WMATA respectfully requests that this Motion be granted and that the case be dismissed with prejudice.

Respectfully submitted,

**WASHINGTON METROPOLITAN
 AREA TRASIT AUTHORITY**

/s/ Janice L. Cole
Janice L. Cole #440351
Senior Counsel II

WMATA
300 Seventh St. S.W.
Washington, D.C.  20024
(202) 962-2543
(202) 962-2550 (fax)
jlcole@wmata.com
Attorney for Defendant WMATA