**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DUKE ASIAMAH,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, *et al.*,<br><br>Defendants. | Case No. 26-cv-2519 (JMC) |

**MEMORANDUM OPINION & ORDER**

Duke Asiamah filed this lawsuit in the Superior Court of the District of Columbia before it was removed here. *See* ECF 1. Asiamah's state court complaint consists of two pages of handwritten responses on a form provided by the Superior Court, along with a page and a half of typed factual allegations describing his claims. *See* ECF 1-3. The allegations in Asiamah's complaint suggest that Asiamah is bringing false arrest and excessive force claims, perhaps under both state law and the federal Constitution. *See id.* at 3–4. Near the line on the Superior Court form where Asiamah was supposed to list the "defendant" in this matter is a handwritten word that looks like "WMATA"—the Washington Metropolitan Area Transit Authority—along with the words "3 WMATA Police Officers." *Id.* at 1. It seems to the Court, then, that Asiamah meant to sue both WMATA and three individual, unnamed WMATA police officers.[1]

WMATA, the only defendant who has been served and has appeared in this action, filed a motion to dismiss. *See* ECF 4. The only argument WMATA makes in its motion is that the

[1] All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

complaint should be dismissed for want of jurisdiction because WMATA is shielded by sovereign immunity. *See* ECF 4-1 at 1–3. The Court issued a *Fox* order instructing Asiamah to respond to WMATA's motion by August 28, 2026, *see* ECF 5, but Asiamah failed to respond. Although the Court could grant WMATA's motion as conceded based on Asiamah's failure to respond, *see* LCvR 7(b), the Court addresses the merits of WMATA's argument below.

WMATA is right that it is "immun[e] from suit in federal court based on its performance of governmental functions." *Jones v. WMATA*, 205 F.3d 428, 432 (D.C. Cir. 2000). Policing "is a governmental rather than a proprietary function," so WMATA's sovereign immunity shields it from liability for Asiamah's claims. *Morris v. WMATA*, 781 F.2d 218, 220 (D.C. Cir. 1986). But Asiamah seemingly also sued individual WMATA police officers, and sovereign immunity "does not bar suits for damages against state officers in their personal capacities." *Vakassian v. WMATA*, No. 05-cv-0741, 2005 WL 3434794, at *4 (D.D.C. Dec. 14, 2005); *see also Lewis v. Clarke*, 581 U.S. 155, 163 (2017) ("[S]overeign immunity does not erect a barrier against suits to impose individual and personal liability."). The Court therefore grants WMATA's motion to dismiss but observes that granting the motion does not resolve Asiamah's claims against the unnamed officers in their individual capacities. ECF 1-3 at 1; *see Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (acknowledging that the "complaint" will often "not clearly specify whether officials are sued personally," but noting that the "course of proceedings" will "typically . . . indicate the nature of the liability sought to be imposed").

It is therefore **ORDERED** that WMATA's motion to dismiss, ECF 4, is **GRANTED** and WMATA is dismissed as a defendant in this action. The Court will issue a separate order concerning Asiamah's claims against the unnamed officers.

**SO ORDERED.**

JIA M. COBB
United States District Judge

Date: October 14, 2026